

**FILED**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>vs. )<br><br>**CHARLES EDWARD LITTLEJOHN,** )<br><br>**Defendant.** ) | **Criminal Number:** 1:23-cr-343 |

## FACTUAL BASIS FOR PLEA

I.  <u>Background</u>

1.      From 2008 to 2010, from 2012 to 2013, and from 2017 to 2021, Charles Edward Littlejohn ("Defendant") served as a contractor to Company A, a consulting firm that services public and private clients.

2.      During each of these time periods, Defendant primarily worked on contracts Company A had obtained with the U.S. Department of the Treasury's Internal Revenue Service ("IRS").

3.      During much of this time, and in particular between 2018 and 2021, Defendant was authorized, pursuant to 26 U.S.C. § 6103(n), to access vast amounts of unmasked taxpayer data, including taxpayer returns and return information, on IRS databases.

4.      Defendant received regular training about protecting taxpayer data and about the potential criminal consequences of inspecting or disclosing, without authorization, taxpayer returns and return information.

II.  <u>Disclosure of Public Official A's Tax Returns and Return Information</u>

5.      In or about late 2018, Defendant accessed tax return and return information for a high-ranking government official, Public Official A, and related entities and individuals. Rather

than directly search an IRS database for Public Official A's tax return and return information, Defendant queried the database using more generalized parameters that would nevertheless collect Public Official A's tax return and return information (as well as return and return information for related entities and individuals) in the resulting data set in order to avoid detection by the IRS.

6.      On or about November 30, 2018, Defendant uploaded this data to a private website that he controlled. He elected to upload the data to a personal, private website—rather than downloading the data to a physical storage device or uploading it to a more conventional remote storage website—to avoid IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems. That same day, Defendant used a personal computer to download the data from the private website. He then stored the data in multiple locations, including on personal data storage devices such as his Apple iPod.

7.      In or about May 2019, Defendant contacted a news organization ("News Organization 1") to discuss the possibility of giving them a copy of Public Official A's tax records. Between in or about August 2019 and in or about October 2019, Defendant, without authorization, disclosed to a journalist at News Organization 1 the tax return and return information for Public Official A (and related entities and individuals) that he had taken from an IRS database.

8.      Between in or about January 2020 and in or about Spring 2020, Defendant stole additional tax return and return information associated with Public Official A (and related entities and individuals) and supplemented his initial disclosures to News Organization 1.

9.      On or about September 27, 2020, News Organization 1 published the first of several articles that publicly disclosed information contained in Public Official A's tax returns, which News Organization 1 had obtained from Defendant.

III.    Disclosure of Thousands of Other Returns and Return Information

10.    In or about July and August 2020, Defendant accessed unmasked IRS data associated with thousands of the nation's wealthiest people, including returns and return information dating back over 15 years.

11.    Defendant thereafter uploaded this data to a private website on multiple occasions using a method similar to the one he employed in removing tax return and return information associated with Public Official A. In uploading the taxpayer returns and return information to a private website, Defendant used two virtual machines (essentially simulated versions of physical computers). In order to conceal his activities, Defendant promptly destroyed these machines after he used them to steal the data from IRS.

12.    In or about September 2020, Defendant contacted a second news organization ("News Organization 2") to discuss the possibility of giving them a copy of the data on the nation's wealthiest taxpayers that he had stolen from the IRS. Also in or about September 2020, Defendant, without authorization, anonymously provided the data to News Organization 2 by mailing it on a password-protected personal data storage device. In or about November 2020, Defendant provided the device's password to a journalist at News Organization 2.

13.    Since that time, News Organization 2 has published nearly 50 articles using the returns and return information provided by Defendant.

*        *        *

14.    Defendant acknowledges that he willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation of his offenses. For example:

a. Almost all of the files in Defendant's user profile on his assigned IRS laptop computer were deleted just prior to the laptop being returned to the IRS, when Defendant ceased working on Company A's IRS contract in 2021.

b. Similarly, Defendant destroyed the virtual machines soon after he used them to facilitate his theft of the taxpayer returns and return information from an IRS database, in one case just minutes after stealing a data set and in another case approximately two days after stealing another data set.

c. In addition, after uploading the taxpayer returns and return information to the private website he had recently created, Defendant promptly contacted the domain registration service to cancel the private website's domain registration.

Defendant's obstructive conduct occurred prior to the start of the investigation, but was purposefully calculated, and likely, to thwart the investigation or prosecution of his offenses.

15.     Defendant acknowledges that he abused a position of trust and employed highly specialized technical skills in furthering his criminal activity.

16.     Defendant's disclosure of the tax returns and return information described above was not authorized, and was knowing and willful.

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Factual Basis for Plea fully.

I have read every word of this Factual Basis for Plea. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Factual Basis for Plea, and declare under penalty of perjury that it is true and correct.

Date: __10/12/2023__

_____
Charles Edward Littlejohn
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read this Factual Basis for Plea and reviewed it with my client fully. I concur in my client's desire to adopt and stipulate to this Factual Basis for Plea as true and accurate.

Date: __October 12, 2023__

_____
Lisa Manning
Counsel for Defendant Charles Edward Littlejohn